UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Marilynn Phillips
2673 Oswald Drive
Hampstead, Maryland 21074

    Plaintiff,

vs.                                CASE NO.

HEAD TO TOE CREATIONS, INC.
615 South Main Street
Hampstead, Maryland

    Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1.    This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2.    The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3.    Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4.    Plaintiff, Marilynn Phillips ("Phillips"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that she has post-polio, and uses a wheelchair for mobility.

1

5. Defendant, Head to Toe Creations, Inc. ("Head to Toe"), a Maryland corporation authorized to do business in this state and the owner and/or operator of a beauty salon known as Head to Toe Creations, located at 615 South Main Street, Hampstead, Maryland ("Beauty Salon").

### The Beauty Salon is a Public Accommodation

6. The Beauty Salon is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(F).

### ADA Prohibition of Discrimination by Public Accommodations

7. Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person or business entity that owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

8. There are architectural barriers at the Restaurant, which include but are not limited to the following:

   a) There is no accessible route or accessible entrance provided to gain entry into the Beauty Salon;

   b) There are no accessible parking spaces provided in the parking lot;

   c) The front door is less than 32" wide when open 90 degrees;

   d) Upon information and belief, the toilet room is not accessible.

9. By failing to remove existing architectural barriers, Head to Toe has discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Beauty Salon, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

## Failure to Remove Barriers and/or Modify Policies:  Unlawful Discrimination

10. Head to Toe has failed to remove the above mentioned architectural barriers at its Beauty Salon and make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the Beauty Salon by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

## Standing

11. In or about the latter part of August, plaintiff attempted to gain entry into the Beauty Salon, but was unable to due to the presence of the architectural barriers set forth above, and therefore suffered an injury in fact in that her full and equal enjoyment of the Restaurant was denied and curtailed by the presence of the architectural barriers set forth above.

12. Shortly after her visit and attempt to gain access into the Beauty Shop, in late August of 2008, plaintiff spoke to a representative of the Beauty Shop on the telephone, and thereafter, wrote a letter to defendant, requesting that it address her concerns and remove the barriers to access she encountered.  As of this date, defendant has not done so.

13. Phillips intends to visit the Beauty Salon again upon the removal of the architectural barriers.

3

WHEREFORE, Phillips demands judgment against Head to Toe, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, Head to Toe Creations, located at 615 South Main Street, Hampstead, Maryland, owned and/or and operated by defendant, is not readily accessible to Phillips in violation of the ADA;

B. That the Court enter an order directing defendant to alter and renovate the Beauty Shop, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter an order directing defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete the alterations and renovations at the Beauty Shop;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Phillips; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

/s/ Joel R. Zuckerman
Joel Zuckerman
Federal Bar No. 12730
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone:  (301) 309-8300
Facsimile:   (301) 309-8303
*Attorneys for the plaintiff*